UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

VINCENT ROGGIO,

      *Plaintiff*,

  v.

FEDERAL DEPOSIT INSURANCE
CORPORATION,

      *Defendant*.

Civil Action No. 9-1733 (TJK)

### MEMORANDUM ORDER

At the end of a long and unusual procedural history, the Court dismissed this case, finding that it lacked subject-matter jurisdiction over certain claims and that the remaining claims were barred by collateral estoppel. Plaintiff moved for reconsideration of that dismissal decision and also filed several other motions. For the reasons explained below, the Court will deny them all.

**I.    Background**

The Court assumes familiarity with this case's history, as set forth in the Court's Memorandum Opinion. *See* ECF No. 89 at 1–4. In brief, this dispute stems from a pair of foreclosure actions brought in New Jersey state court in 2006 against two of Plaintiff's properties by Washington Mutual Bank ("WaMu"). ECF No. 60 ¶ 18. Plaintiff and WaMu entered into a settlement to resolve those proceedings in which Plaintiff agreed to waive his affirmative defenses and counterclaims if WaMu retracted derogatory credit reporting about him. ECF No. 60 ¶ 19. But after WaMu allegedly breached that agreement, Plaintiff counterclaimed in August 2008. *See* ECF No. 62-6 at 22–28. That kickstarted years of litigation in the New Jersey state courts, culminating in several adverse judgments against Plaintiff. *See* ECF No. 62-2.

Meanwhile, in September 2008, the Federal Deposit Insurance Corporation was appointed

receiver of WaMu.  ECF No. 60 ¶ 23.  Plaintiff submitted an administrative claim to the FDIC, which was denied.  ECF No. 60 ¶ 24–25.  Thus, Plaintiff filed this action in September 2009.  *See* ECF No. 1.  But this suit was stayed and administratively closed while the proceedings in New Jersey unfolded.  *See, e.g.*, ECF Nos. 6, 11, 13, 15, 17, 19, 22, 24, 26.  The case lay dormant for almost a decade.

In February 2018, Plaintiff sought to lift the stay and return the case to active status, and then peppered the docket with motions trying to stave off foreclosure and sale of his properties.  After extensive briefing and argument, the Court denied Plaintiff this relief.  *See* ECF Nos. 39, 47, 56, 71.  Plaintiff then filed an amended complaint, which the FDIC moved to dismiss.  *See* ECF Nos. 60, 62.  After further briefing, the Court granted the motion.  ECF No. 88.  The Court dismissed some claims for lack of subject-matter jurisdiction, and it determined that others were barred by nonmutual defensive collateral estoppel because Plaintiff had already litigated the same claims in New Jersey.  *See* ECF No. 89 at 5–13.

Pending before the Court are Plaintiff's Motion for Reconsideration under Federal Rules of Civil Procedure 59(e) and 60(b)(4), ECF No. 90, Motion to Take Judicial Notice under Federal Rule of Evidence 201, ECF No. 93, Motion for Summary Judgment, ECF No. 94, Motion to Supplement the Motion for Reconsideration, ECF No. 98, and Motion for a Conference Call, ECF No. 101.  The Court addresses each below.

## II. Plaintiff's Motion to Supplement the Motion for Reconsideration

A movant "may serve and file a reply memorandum" "[w]ithin seven days after service of the memorandum in opposition."  Local Civil Rule 7(d).  "This deadline means that the *entire* brief, including affidavits and attachments, must be filed within [seven] days."  *DL v. District of Columbia*, 450 F. Supp. 2d 11, 20 (D.D.C. 2006) (emphasis added).  Further, "the Court's local

2

rules do not contemplate that any briefing will be submitted after the reply memorandum . . . ." *In re Chodiev*, No. 18-mc-13 (EGS-RMM), ECF No. 50 at 6, (D.D.C. Aug. 11, 2020). Thus, "[a] party seeking to file a surreply must move the court for leave to file such a surreply." *Robinson v. Detroit News, Inc.*, 211 F. Supp. 2d 101, 113 (D.D.C. 2002). "The standard for granting a leave to file a surreply is whether the party making the motion would be unable to contest matters presented to the court for the first time in the opposing party's reply." *Lewis v. Rumsfeld*, 154 F. Supp. 2d 56, 61 (D.D.C. 2001). On top of that, "surreplies are generally disfavored." *Crummey v. SSA*, 794 F. Supp. 2d 46, 62 (D.D.C. 2011). Of course, "[w]hen a *pro se* litigant seeks leave to file a surreply, the district court should remain cognizant that parties proceeding without legal representation are entitled to a certain amount of solicitude in the conduct of litigation." *Id.* At the same time, "such solicitude is not limitless and *pro se* litigants are not relieved of their obligation to comply with the applicable rules." *Id.*

   Plaintiff moved to supplement five months after he filed his reply brief. The motion seeks to supplement the already-extensive briefing and exhibits (over 400 pages) he filed in connection with the motion for reconsideration. But Plaintiff does not—indeed he cannot—argue that he should be permitted to supplement because he has been deprived of a chance to respond to arguments raised for the first time in a reply—after all, *he* was the party that filed the reply. *See Crummey*, 794 F. Supp. 2d at 62 (surreplies permitted "when the nonmovant is deprived of the opportunity to contest matters raised for the first time in the movant's reply"). Nor does Plaintiff identify a new argument advanced in the supplemental briefing. *See, e.g.*, ECF No. 98 at 1–2 & n.4 (acknowledging that Plaintiff previously raised "the issue of whether the state court decisions regarding Plaintiff's borrower claims are void and, therefore, cannot support dismissal on collateral estoppel/issue preclusion grounds"); ECF No. 100 at 1 (describing the motions as a

"further delineation" of arguments previously made). Thus, for all these reasons, and even factoring in the "significant amount of leeway" given to pro se litigants, *Keys v. Donovan*, 37 F. Supp. 3d 368, 371 (D.D.C. 2014), the Court will deny Plaintiff's motion to supplement.

### III. Plaintiff's Motion for Reconsideration

Relief under Rules 59(e) and 60(b) is rare. "A district court need not grant a Rule 59(e) motion unless there is an 'intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" *Mohammadi v. Islamic Republic of Iran*, 782 F.3d 9, 17 (D.C. Cir. 2015) (quoting *Patton Boggs LLP v. Chevron Corp.*, 683 F.3d 397, 403 (D.C. Cir. 2012)). Indeed, "[r]econsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly." *Id.* (quoting 11 Charles Alan Wright et al., *Federal Practice & Procedure* § 2810.1 (3d ed. 2012)). "The standards that govern Rule 60(b) are even more restrictive." *Duma v. Unum Provident*, 770 F. Supp. 2d 308, 315 n.6 (D.D.C. 2011) (cleaned up). "Rule 60(b)(4) applies 'only in the rare instance where a judgment is premised either on a certain type of jurisdictional error or on a violation of due process that deprives a party of notice or the opportunity to be heard.'" *United States v. Phillip Morris USA Inc.*, 840 F.3d 844, 850 (D.C. Cir. 2016) (quoting *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 271 (2010)). "Courts should only grant Rule 60(b) motions in extraordinary circumstances." *SEC v. Bilzerian*, 815 F. Supp. 2d 324, 328 (D.D.C. 2011) (cleaned up). Neither rule is "an opportunity to reargue facts and theories upon which a court has already ruled" or "a vehicle for presenting theories or arguments that could have been advanced earlier." *Payne v. District of Columbia*, 808 F. Supp. 2d 164, 170 (D.D.C. 2011) (cleaned up).

Plaintiff fails to offer anything that meets the high threshold for relief under Rules 59(e) or 60(b). He does not identify any change of controlling law, new evidence, clear error, or possibility

of manifest injustice. Instead, much of the motion rehashes his view that New Jersey state courts lacked jurisdiction over his pre-receivership claims and that, therefore, collateral estoppel cannot apply. *See* ECF 90 at 14–19; *see also id.* at 22–30 (suggesting that the New Jersey state courts' lack of jurisdiction rendered the FDIC's motion to dismiss "moot"). In Plaintiff's opinion, "[o]nly this Federal Court had jurisdiction to decide these borrower claims against the FDIC after September 25, 2008, not the state court." ECF No. 90 at 10. But the Court already addressed and rejected these arguments in its original decision. *See* ECF No. 89 at 10–11. As explained, FIRREA—the governing statute for handling claims against banks in receivership with the FDIC—provides:

> [T]he claimant may . . . file suit on such claim (or continue an action commenced before the appointment of the receiver) in the district or territorial court of the United States for the district within which the depository institution's principal place of business is located or the United States District Court for the District of Columbia (and such court shall have jurisdiction to hear such claim).

12 U.S.C. § 1821(d)(6)(A)(ii). The Court reasoned that because Plaintiff's counterclaim filed in New Jersey state court was "an action commenced before the appointment of the receiver," the claim could continue to be litigated in that court even after WaMu failed. ECF No. 89 at 10–11. And the Court cited several cases supporting that proposition. *Id.* (citing *Damiano v. FDIC*, 104 F.3d 328, 333 (11th Cir. 1997); *Holmes Fin. Assocs., Inc. v. Resol. Tr. Corp.*, 33 F.3d 561, 567 (6th Cir. 1994); *Poku v. FDIC*, 752 F. Supp. 2d 23, 29 (D.D.C. 2010)). Plaintiff may disagree, but that is not a basis for the Court to reconsider.

Plaintiff also argues that the Court violated his due process rights by repeatedly denying him access to the Court. *See* ECF No. 90 at 20–21. He seems to refer to motions the Court denied

5

due to his failure to adhere to procedures the Court imposed for filing motions in this case.[1]  *See id.* at 21; ECF No. 71 at 4–5.  Those procedures complied with due process.  As the D.C. Circuit explained, "a court may impose conditions upon a litigant—even onerous conditions . . . so long as they are, taken together, not so burdensome as to deny the litigant meaningful access to the courts."  *In re Green*, 669 F.2d 779, 786 (D.C. Cir. 1981), *abrogated on other grounds by Hurt v. SSA*, 544 F.3d 308 (2008).  The conditions the Court imposed—in response to Plaintiff's repeated filings that "largely rehashe[d] arguments that this Court ha[d] already evaluated and rejected," ECF No. 71 at 4—were not so burdensome as to violate due process.  For all these reasons, the Court will deny Plaintiff's motion to reconsider.[2]

## IV.   Plaintiff's Remaining Motions

Remaining are Plaintiff's Motion for Summary Judgment, Motion to Take Judicial Notice, and Motion for a Conference Call, which the Court will also deny.  The first two motions are procedurally improper because when Plaintiff filed them, the Court had already dismissed the case.  And because the Court has resolved all the other outstanding motions, it will also deny the Motion for a Conference Call as moot.

---

[1] The Court ordered "that the parties refrain from filing further motions 'unless they first (1) meet and confer regarding the relevant issue, (2) jointly contact the [Courtroom Deputy] to arrange a conference call with the Court to discuss the issue, and (3) obtain leave to file from the Court.'"  ECF No. 71 at 4–5 (quoting *Sai v. DHS*, 99 F. Supp. 3d 50, 55 (D.D.C. 2015)).

[2] Plaintiff also argues that the Court's dismissal of the case is "time-barred" because "both New Jersey and the District Court for the District of Columbia have a six-year statute of limitations for disputing the terms of a Settlement Agreement."  ECF No. 90 at 22.  But statutes of limitations govern when a suit may be filed, not a court's resolution of a suit.

## V.     Conclusion and Order

For all the above reasons, it is hereby **ORDERED** that Plaintiff's Motion for Reconsideration, ECF No. 90, Motion to Take Judicial Notice, ECF No. 93, Motion for Summary Judgment, ECF No. 94, Motion to Supplement, ECF No. 98, and Motion for a Conference Call, ECF No. 101, are **DENIED**.

**SO ORDERED.**

/s/ Timothy J. Kelly
TIMOTHY J. KELLY
United States District Judge

Date: November 1, 2023