UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

VINCENT ROGGIO,

     *Plaintiff*,

    v.

FEDERAL DEPOSIT INSURANCE CORPO-
RATION,

     *Defendant*.

Civil Action No. 09-1733 (TJK)

### MEMORANDUM OPINION

Vincent Roggio, proceeding pro se, sued the Federal Deposit Insurance Corporation for several tort and contract claims. The FDIC served as the receiver of Washington Mutual Bank, which had foreclosed on two of Roggio's properties after litigation in New Jersey state courts. The Court dismissed the case over five years ago. Roggio now moves for relief under Rules 60(b)(4), (b)(6), and (d)(3), through his latest in several similar such motions. As explained below, the Court will deny the motion for many of the same reasons it did his previous ones.

**I.**    **Background**

The Court has previously set forth the long and winding history of this dispute in its Memorandum Opinion, *see* ECF No. 89 at 1–4, and again in its subsequent Memorandum Order, *see* ECF No. 102 at 1–2. But to recap, this case began back in 2006, when Washington Mutual Bank ("WaMu"), initiated two foreclosure actions in New Jersey state court on two of Roggio's properties. ECF No. 60 ¶ 18. In early 2007, Roggio and WaMu settled these cases, with Roggio agreeing to "waive his affirmative defenses and counterclaims" in both actions if the bank "took action to remove its derogatory credit reporting" of Roggio. *Id.* ¶ 19.

But WaMu allegedly breached that agreement by failing to promptly follow through on its end of the bargain. *See* ECF No. 60 ¶ 20. So in August 2008, Roggio filed a counterclaim against WaMu in New Jersey state court. *See* ECF No. 62-6 at 22–28. Shortly thereafter, WaMu failed because of the 2008 financial crisis, and the Federal Deposit Insurance Corporation (FDIC) became its receiver. ECF No. 60 ¶ 23. Roggio then filed an administrative claim with the FDIC over WaMu's alleged breach of the 2007 settlement agreement. *Id.* ¶ 24. In July 2009, the FDIC disallowed Roggio's claim, *id.* ¶ 25, and so a few months later he sued the FDIC in this Court, ECF No. 1. In January 2010, this case was stayed at both parties' request because of the ongoing litigation in state court. *See* ECF Nos. 5, 6.

In 2010, a New Jersey court found that "both parties ha[d] effectively breached the 2007 settlement agreement." ECF No. 62-8 at 23. While WaMu had indeed "failed to remove all the negative reporting," Roggio had also "failed to provide a copy of his credit report to WaMu" by the time that "he was required to do so." *Id.* Thus, the court denied Roggio's motion to reinstate his counterclaim. *Id.* at 24. Sometime after, JPMorgan Chase, N.A. succeeded WaMu as a party in interest, and litigation between JPMorgan and Roggio continued in state court as Roggio appealed the foreclosures and filed several post-judgment motions. *See* ECF No. 62-2 ¶ 17; ECF No. 62-9 at 8–9; ECF No. 62-12. The state court litigation ultimately ended, and final judgments were entered against Roggio in both foreclosure actions by March 2018. ECF No. 62-2 ¶¶ 19–20.

Having failed to prevail in state court, Roggio turned his attention back to this case. In March 2018, he moved for relief from judgment under Federal Rule of Civil Procedure 60(b)(4), asking the Court to vacate the New Jersey state court judgments against him on the ground that the Financial Institutions Reform, Recovery, and Enforcement Act "stripped the New Jersey Courts" of jurisdiction. ECF No. 29 at 7. The Court denied that motion, explaining that "Rule

2

60(b) does not authorize this Court to vacate or otherwise reconsider a state court judgment." ECF No. 39 at 3.

In June that same year, Roggio filed an amended complaint, ECF No. 60, and the FDIC moved to dismiss, ECF No. 62. The Court granted the FDIC's motion to dismiss, ECF No. 88, finding that the Court lacked subject matter jurisdiction over some of Roggio's claims and that the others were "barred by collateral estoppel" because of the New Jersey litigation. *See* ECF No. 89 at 5–12. In November 2020, Roggio moved for relief under Rule 60(b)(4), and again argued that the state court judgments should be declared void under because the "New Jersey State Court was without . . . jurisdiction." ECF No. 90 at 7–8. Reasoning that "much of the motion rehashe[d]" Roggio's earlier arguments, the Court again denied Roggio's motion for reconsideration. ECF No. 102 at 4–6. This process would repeat itself one more time. *See* ECF No. 107; Minute Order of Apr. 10, 2024.

In April 2024, Roggio appealed the Court's second order denying reconsideration, along with its order dismissing the case and its first order denying reconsideration. ECF Nos. 110, 113. The Circuit found that Roggio had "forfeited any challenge" to the order denying his second motion for reconsideration, and it found that it "lack[ed] jurisdiction" over the other orders because Roggio's "notice of appeal [was] not timely as to those orders." ECF No. 113-1 at 1.

Undeterred, in September 2025, Roggio filed the instant motion for relief under Rule 60, this time invoking Rules 60(b)(4), (d)(3), and b(6). ECF No. 114.

## II. Legal Standards

Rule 60(b) allows a court "to 'relieve a party or its legal representative from a final judgment, order, or proceeding' on one of six enumerated grounds." *Jarvis v. Parker*, 13 F. Supp. 3d 74, 77 (D.D.C. 2014) (quoting Fed. R. Civ. P. 60(b)). They are: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud, misrepresentation, or misconduct

3

by an opposing party; (4) a void judgment; (5) a satisfied, released, or discharged judgment; or (6) any other reason that justifies relief. *See* Fed. R. Civ. P. 60(b). In addition, no matter what enumerated ground a party seeking relief under Rule 60(b) invokes, the party also must "show some prospect of succeeding on the merits" in the underlying case. *Thomas v. Holder*, 750 F.3d 899, 903 (D.C. Cir. 2014). "[C]ourts should revive previously-dismissed claims only if they have some reason to believe that doing so will not ultimately waste judicial resources," *id.*, to avoid what would otherwise be an "empty exercise or a futile gesture," *Murray v. District of Columbia*, 52 F.3d 353, 355 (D.C. Cir. 1995). "Relief under Rule 60(b) is an extraordinary remedy that is to be granted only in exceptional cases." *SEC v. Bilzerian*, 815 F. Supp. 2d 324, 327 (D.D.C. 2011). And it is "not a vehicle for presenting theories or arguments that could have been raised previously." *Walsh v. Hagee*, 10 F. Supp. 3d 15, 19 (D.D.C. 2013) (quotation marks omitted). The "decision to grant or deny a Rule 60(b) motion is committed to the discretion of the District Court." *United Mine Workers of Am. 1974 Pension v. Pittston Co.*, 984 F.2d 469, 476 (D.C. Cir. 1993).

Rule 60(d)(3) acknowledges a court's power to grant relief when there has been fraud on the court. But it is only applicable in "very unusual cases" where the fraud "is directed to the judicial machinery itself." *Baltia Air Lines, Inc. v. Transaction Mgt., Inc.,* 98 F.3d 640, 642–43 (D.C. Cir. 1996) (quotation omitted).

**III.   Analysis**

Roggio requests the Court to "[v]acate the judgment under Rule 60(b)(4) for lack of subject matter jurisdiction and/or under Rule 60(d)(3) for fraud upon the court," or "[a]lternatively, vacate the judgment pursuant to 60(b)(6) based on extraordinary circumstances." ECF No. 114 at 25.

The first of Roggio's requests fails out the gate, for several reasons. His Rule 60(b)(4) argument attacks only the subject-matter jurisdiction of the New Jersey courts—not the subject-matter jurisdiction of this Court. He repeatedly argues that his case came under "exclusive federal

4

jurisdiction" and that "no state court retained authority to adjudicate" the foreclosure actions. ECF No. 114 at 15. And he asks in his prayer for relief that the Court "[d]eclare" the two New Jersey foreclosure judgments "void *ab initio*." *Id.* at 25. But the problem is that the Court lacks the authority to grant him this relief—something the Court has told Roggio several times before. *See* ECF No. 39 at 3 ("Unfortunately for Roggio, the law is quite clear that Rule 60(b) does not authorize this Court to vacate or otherwise reconsider a state court judgment."). For that reason, Roggio's Rule 60(b)(4) argument fails.

Roggio's second request fares no better. As mentioned above, Rule 60(d)(3) permits a court to set aside its own judgment if it resulted from "fraud on the court." But not all fraud is fraud on the court. The latter is highly limited in scope and is only present, as mentioned above, in "very unusual cases" where the fraud "is directed to the judicial machinery itself." *Baltia Air Lines, Inc*, 98 F.3d at 642–43 (quotation omitted). "Examples include the bribery of a judge or the knowing participation of an attorney in the presentation of perjured testimony," *id.* at 643; "fraud between the parties or fraudulent documents, false statements or perjury" will not suffice, *id.* at 642 (quotation omitted).

Roggio argues the FDIC "knowingly" advanced the false idea that he had breached the settlement agreement and made certain "misrepresent[tations]" to the New Jersey state court to get that court to adopt the idea that both parties breached the settlement. ECF No. 114 at 18; *see id.* at 21–24. Roggio also alleges several smaller misrepresentations, such as the presence of WaMu's name on a deed allegedly owned by JPMorgan, WaMu's successor. *Id.* at 22. At any rate, because these findings by the New Jersey state courts were purportedly "adopted" by this Court in its dismissal order, Roggio asserts that this constitutes fraud on the court. *Id.* at 18.

5

None of this amounts to fraud on the court. To the extent Roggio alleges fraud, it was in the form of "fraudulent documents" and "false statements" made by the FDIC and JPMorgan, neither of which qualify as such under Rule 60(d)(3). *Baltia Air Lines*, 98 F.3d at 643. Even if the state courts or this Court were misled by such false statements, the fraud would not have been "directed to the judicial machinery itself." *Id.* at 642. So Roggio's Rule 60(d)(3) argument fails too.[1]

Finally, Roggio argues, without elaboration, that he should be granted relief under Rule 60(b)(6) if neither Rule 60(b)(4) or 60(d)(3) apply. ECF No. 114 at 25. Under Rule 60(b)(6), relief from a judgment may be sought for "any other reason"—aside from the grounds enumerated in Rules 60(b)(1)–(5)—"that justifies relief." Fed. R. Civ. P. 60(b)(6); *see also Kemp v. United States*, 596 U.S. 528, 533 (2022). To prevail, the movant must "demonstrate extraordinary circumstances justifying the reopening of a final judgment." *United States v. Philip Morris USA Inc.*, 840 F.3d 844, 852 (D.C. Cir. 2016) (quotation omitted). But Roggio does not elaborate on what circumstances allegedly entitle him to relief under that rule. *See generally* ECF No. 114. His Rule 60(b)(6) request instead appears to be premised on the same arguments about the New Jersey courts' lack of jurisdiction and the various allegations of fraud. *Id.* As discussed above, those grounds do not present *any* circumstances that would warrant relief, let alone "extraordinary" circumstances.

---

[1] To the extent that Roggio argues that the state courts were *mistaken* in their legal or factual conclusions, and this Court, in relying on their judgments, was mistaken too, his motion is untimely. A motion for relief from judgment for mistakes of law or fact must rely on Rule 60(b)(1), not Rule 60(d)(3). *See Kemp v. United States*, 596 U.S. 528, 533–34 (2022). And a Rule 60(b)(1) motion must be brought within a year of the challenged judgment. Fed. R. Civ. P. 60(c)(1).

## IV. Conclusion

For all these reasons, the Court will deny Plaintiff's Motion for Relief from Judgment, ECF No. 114. A separate order will issue.

/s/ Timothy J. Kelly<br>
TIMOTHY J. KELLY<br>
United States District Judge

Date: December 2, 2025